**A.A., a minor under the age of 21 years, by his parents J.A. and Franklin Alvarez, Plaintiffs–Appellants,**

v.

**NEW YORK STATE EDUCATION DEPARTMENT; Richard P. Mills, Commissioner of Education of the State of New York; George P. Pataki, Governor of the State of New York, Defendants–Appellees.**

No. 03–7536.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2004.

Lewis M. Wasserman, Wasserman Steen LLP, Patchogue, NY, for Appellants.

Melanie L. Oxhorn, Assistant Solicitor General, New York, NY, for Appellees.

Present: POOLER, SOTOMAYOR, and WESLEY, Circuit Judges.

SUMMARY ORDER

A.A., a disabled minor, appeals from a judgment of the district court that, after a bench trial, dismissed individual and class claims against the New York State Education Department, the Commissioner of Education, and the governor of New York (collectively, "SED"). A.A., other individual plaintiffs, and the class they represented previously had settled claims under the Individuals with Disabilities Education Act ("IDEA"), the Rehabilitation Act, and 42 U.S.C. § 1983 against the Central Islip School District ("CI") and several of its officials and school board members. Plaintiffs' claim against SED is that its failure to monitor CI's compliance with IDEA and to enforce IDEA with respect to CI violated that statute as well as the Rehabilitation Act and Section 1983. Plaintiffs made two basic claims: (1) SED failed in its obligation to bring CI into compliance with IDEA on issues specifically identified as deficient at CI in a 1991 report issued by SED and (2) SED failed to comply with its monitoring and enforcement obligations with respect to IDEA violations at CI that were not noted in the 1991 report. We assume the reader's familiarity with the underlying facts, the procedural history, and the specification of appellate issues and hold as follows.

(1) The district court did not err in finding that SED met its monitoring and enforcement obligation (with respect to issues identified in the 1991 report) under 20 U.S.C. 1412(a)(11)(A) between October 1996 and June 1999. During that period, SED continually escalated its pressure on CI to come into compliance. By sometime in 1997, CI had achieved partial compliance, and full compliance was achieved in June 1999. Contrary to plaintiffs' position, nothing in the IDEA compliance scheme

requires SED (1) to initiate proceedings against a local educational agency ("LEA") such as Central Islip that would result either in a cut-off of federal funds or in the use of those funds by SED to directly provide special education services to the district's children based on the facts proven here or (2) to conduct monitoring visits on any particular schedule. *See generally,* 20 U.S.C. §§ 1412(a)(11), (13); 1413(c), (h)(1).

(2) Plaintiffs also argue that SED failed in its monitoring and enforcement obligations with respect to IDEA violations that were not included in the 1991 SED report. These violations include, but are not limited to, a generalized failure to provide educational services in the least restrictive environment, *see* 20 U.S.C. § 1412(a)(5), and to provide transition services to students moving from school to work. The district court made no specific findings on these issues although it found generally that SED met all of its monitoring and enforcement obligations. However, plaintiffs conceded at oral argument that there is no proof in the record that SED received notice of these IDEA violations. Because we have already rejected plaintiffs' argument that SED is required to make its monitoring visits on any particular schedule, this concession establishes that the district court did not err insofar as it found that SED did not violate IDEA with respect to violations not identified in the 1991 report.

(3) The record does not enable us to adequately assess SED's actions to obtain compliance with the 1991 report between the date of its issuance and October 1996 when plaintiffs filed this lawsuit. The district court made no specific factual findings with respect to these years. Although the 1991 report required CI to come into compliance on all issues by October 1991, the SED regional associate overseeing CI did not learn of the report's existence until 1995 or 1996. At that time, he brought the issue of compliance to the attention of his supervisor and by March 1997, he was warning CI that its funds were in jeopardy. We are not aware of what, if any other, attempts were made by SED to bring CI into compliance on the issues specified in the 1991 report between 1991 and October 1996.

Consequently, we remand to the district court for specific factual findings on the steps taken by SED between 1991 and October 1996 to bring CI into compliance on issues identified in the 1991 SED report. The district court is also to make conclusions of law concerning the adequacy of these efforts under IDEA. If it determines that these efforts were insufficient under IDEA, it should determine what remedies, if any, remain available to the affected plaintiffs and order any such remedy. The district court's decision is to be issued within 90 days of issuance of our mandate. The Clerk of the Court is to issue the mandate forthwith. We retain jurisdiction pursuant to *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994), and will dispose of this appeal following receipt of the district court's findings of facts and conclusions of law. Either party may restore jurisdiction over the appeal to this panel by filing with the Clerk's Office, a copy of the district court's further findings and conclusions and a letter advising the Clerk's Office that jurisdiction should be restored.