386 F.3d 455
 A.A., a minor under the age of 21 years, by his parents J.A. and Franklin Alvarez, Plaintiffs-Appellants,
K.B., a minor under the age of 21 years, by the parent S.B.; R.B., a minor under the age of 21 years, by the parent S.B.; E.D.B., a minor under the age of 21 years, by his parent, E.B.; J.C., a minor under the age of 21 years, by the parent, G.F.; J.F., a minor under the age of 21 years, by the parent, G.F.; D.C., a minor under the age of 21 years, by her parent, Sandra C.; S.C., a minor under the age of 21 years, by his parent, G.W.; D.J., a minor under the age of 21 years, by her parent, S.J.; J.L., a minor under the age of 21 years, by his parent, A.L.; K.M., a minor under the age of 21 years, by his parent, C.C.; K.P., a minor under the age of 21 years, by his parent, L.P.; J.S., a minor under the age of 21 years, by his parent, C.D.; T.S., a minor under the age of 21 years, by his parent, C.D.; M.S., a minor under the age of 21 years, by the parent Tina S.; S.S., a minor under the age of 21 years, by the parent, Tina S.; T.C.S., a minor under the age of 21 years, by his parent Tina S.; V.S., a minor under the age of 21 years, by the parent Tina S.; D.S., a minor under the age of 21 years, by his parent R.S.; J.W., a minor under the age of 21 years, by his parent M.W., individually and on behalf of themselves and all other persons similarly situated; J.A.; S.B., as parent of K.B. and R.B.; E.B., as parent of E.D.B.; G.F., as parent of J.C. and J.F.; Sandra C., as parent of D.C.; G.W., as parent of S.C.; S.J., as parent of D.J.; A.L., as parent of J.L.; C.C., as parent of K.M.; L.P., as parent of K.P.; C.D., as parent of J.S.; Tina S., as parent of S.S., M.S., T.C.S. and V.S.; R.S., as parent of D.S.; M.W., as parent of J.W., and as residents and taxpayers of Central Islip U.F.S.D., and all other persons similarly situated and Long Island Advocacy, Inc., Plaintiffs,
v.
Fred PHILIPS, as member of the Board of Education, Central Islip U.F.S.D. and individually; Sandra Townsend, as member of the Board of Education,
Central Islip U.F.S.D. and individually; Helen Brannon, as member of the Board of Education, Central Islip U.F.S.D. and individually; Howard Koenig, as Superintendent of Schools of the Central Islip U.F.S.D. and individually; Manuel J. Ramos, as Assistant Superintendent of Schools of the Central Islip U.F.S.D. and individually; Jerry L. Jackson, as Assistant to the Superintendent of Schools of Central Islip U.F.S.D. and individually; New York State Education Department; Richard P. Mills, Commissioner of Education of the State of New York; George E. Pataki, Governor of the State of New York and Board of Education, Central Islip U.F.S.D., Defendants-Appellees,
New York Lawyers for the Public Interest, Inc., Amicus Curiae.
 Docket No. 03-7536.
 United States Court of Appeals, Second Circuit.
 Argued: February 2, 2004.
 Decided: October 19, 2004.
 
 Appeal from the United States District Court for the Eastern District of New York, Leonard D. Wexler, J.
 Lewis M. Wasserman, Wasserman Steen LLP, (Pamela L. Steen, on the brief), Patchogue, New York, for Plaintiffs-Appellants.
 Melanie L. Oxhorn, Assistant Solicitor General of the State of New York, (Eliot Spitzer, Attorney General, Michael S. Belohlavek, Deputy Solicitor General), New York, New York, for Defendants-Appellees.
 Before: POOLER, SOTOMAYOR, and WESLEY, Circuit Judges.
 WESLEY, Circuit Judge.
 
 
 1
 This action was commenced in October 1996 on behalf of a group of disabled students in the Central Islip Union Free School District ("the district") alleging claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. ch.33, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, 42 U.S.C. § 1983, and state law. Plaintiffs alleged that defendants failed to monitor and ensure that the school district was complying with its obligations under the IDEA, an act that creates a private right of action to enforce the right of every student with a disability to obtain a "free appropriate public education" (FAPE). See 20 U.S.C. § 1400(c)(3); 20 U.S.C. § 1415(i)(2)-(3). Plaintiffs settled their claims against the district, several of its officials, and school board members, but continued their suit against the New York State Education Department ("SED"), Richard P. Mills, the New York State Commissioner of Education, and George E. Pataki as Governor of New York.
 
 
 2
 Plaintiffs make two basic claims: (1) SED failed in its obligation to bring the district into compliance with IDEA on issues specifically identified as deficient at the district in a 1991 report issued by SED and (2) SED failed to comply with its monitoring and enforcement obligations with respect to district IDEA violations that were not noted in the 1991 report.
 
 
 3
 Prior to trial, SED moved to dismiss the Third Amended Complaint. By an order dated April 18, 2002, the district court found that plaintiffs were exempt from the exhaustion requirement because their claims involved "systemic" violations; reserved decision on the defenses of mootness and statute of limitations until completion of a trial on the remaining IDEA and Rehabilitation Act claims; dismissed all monetary claims against SED for alleged past violations of federal law, whether such relief was sought under the IDEA, Section 504, or through § 1983; and dismissed plaintiffs' separate claim under the New York State Education Law on the ground that the claim was barred by the Eleventh Amendment. See A.A. v. Bd. of Educ., 196 F.Supp.2d 259, 263-68 (E.D.N.Y.2002) (A.A.I).
 
 
 4
 Following a bench trial on the remaining IDEA and Section 504 claims, the court found for defendants on those claims and dismissed the complaint. See A.A. v. Bd. of Educ., 255 F.Supp.2d 119 (E.D.N.Y. 2003) (A.A.II). Specifically, Judge Wexler concluded that: plaintiffs failed to show that SED was required by law to cut off federal and state special education funds from the district to fulfill its supervisory and monitoring functions; the evidence showed that SED worked with the district to obtain IDEA compliance and to deliver appropriate services to children in the district; and plaintiffs failed to show at trial that SED had adopted or implemented any discriminatory practice in violation of Section 504 of the Rehabilitation Act with respect to district students with disabilities. See id. at 126-27. Judge Wexler also concluded that plaintiffs had not submitted legal memoranda or in any way attempted to support a state law claim. Id. at 127.
 
 
 5
 Plaintiffs appealed. By summary order we found that the district court did not err in finding that SED met its monitoring and enforcement obligations between October 1996 and June 1999. See A.A. v. New York State Educ. Dep't, 87 Fed. Appx. 216, 216-17 (2d Cir.2004). Because the record did not enable us to assess adequately SED's actions to obtain compliance with the 1991 report between the date of its issuance and October 1996 when plaintiffs filed the lawsuit, we remanded the matter to the district court for specific factual findings on the steps taken by SED during that period to bring the district into compliance on issues identified in the 1991 SED report. Id. at 217.
 
 
 6
 On remand, the district court determined, inter alia, that, at trial, plaintiffs had not proven that SED failed to satisfy its IDEA obligations during the 1991 — 1996 time period. In particular, the court found that plaintiffs had failed to seek or elicit testimony from knowledgeable SED and district representatives, or from their own expert witnesses, on the adequacy of SED's monitoring and oversight of the district's compliance efforts during the relevant time period. The district court also found that plaintiffs chose to focus their case on broad issues that were not contained in the 1991 report and that plaintiffs "were not precise in presenting a case demonstrating any lack of action on the part of SED during the 1991-1996 time period." The court adhered to its prior ruling dismissing plaintiffs' claims. The case returns to us at the request of appellants and we now affirm the finding of the district court on the remand.
 
 
 7
 When the district court was presented with our mandate remanding the matter for specific factual findings on the steps SED took to ensure district compliance with the 1991 report, the problem quickly came into focus. The court was confronted with glaring gaps in the proof offered by the plaintiffs at trial. Thus the matter turns on who had the burden to provide the court with proof of SED's compliance efforts or failures in that regard.
 
 
 8
 Appellants argue that the State defendants bear the burden in this case. They rely on M.S. ex rel. S.S. v. Bd. of Educ. of the City Sch. Dist. of the City of Yonkers, 231 F.3d 96, 102-03 (2d Cir.2000), and Walczak v. Florida Union Free Sch. Dist., 142 F.3d 119, 122-23 (2d Cir.1998), for the proposition that the recipient of federal financial assistance bears the burden of establishing IDEA compliance. We disagree.
 
 
 9
 In M.S. and Walczak, we affirmed the long-standing rule that a school district has the burden in administrative hearings to prove "(1) whether the School Board complied with the procedural requirements of IDEA, and (2) whether the IEP [individualized educational program] was `reasonably calculated' to confer `educational benefits.'" M.S., 231 F.3d at 102 (quoting Bd. of Educ. v. Rowley, 458 U.S. 176, 206-07, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)); see also Walczak, 142 F.3d at 122. In Rowley, the Supreme Court noted that "adequate compliance with the procedures prescribed [by IDEA] would in most cases assure much if not all of what Congress wished in the way of substantive content in an IEP." Rowley, 458 U.S. at 206, 102 S.Ct. 3034 (emphasis added).
 
 
 10
 The reasoning of M.S. and Walczak does not provide an analytical pivot for the case before us. IEPs are highly customized educational programs that are tailored to the particular, unique needs of disabled students. Indeed, the IEP has been described as "the central mechanism by which public schools ensure that their disabled students receive a free appropriate public education." Polera v. Bd. of Educ. of the Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 482 (2d Cir.2002). An IEP must satisfy a range of detailed procedural requirements.[1] In turn, the procedural regime dictated by the statute exists in the context of specific requirements for the IEP and an administrative appeals process that ensures compliance with those requirements. Furthermore, Congress provided local and state governments with specific standards for an IEP. 20 U.S.C. § 1414(d). If a parent believes the local educational agency ("LEA") has failed to meet these standards, the statutory scheme provides a mechanism for the parent to appeal a specific IEP to the state educational agency ("SEA"). See 20 U.S.C. § 1415(g). If the parent's appeal is denied, the courts can then review the decision pursuant to a private action. See 20 U.S.C. § 1415(i)(2)(a). Thus, the burden of proof described in M.S. and Walczak makes sense. In the appeals process the school district must prove it has satisfied the specific standards set by Congress in § 1414(d). See M.S., 231 F.3d at 102.
 
 
 11
 In contrast, in this case, the plaintiffs cannot point to any specific provision within IDEA that gives the State specific guidance on how to ensure local compliance. Section 1412(a)(11) gives the SEA "general" supervisory responsibilities. As the district court stated, "[w]hile the IDEA clearly places a supervisory and monitoring role on the SEA, the specific requirements of that role (with the exception of requiring the formulation of policies and procedures), are not set forth in the statute. Instead, the SEA has discretion to work with the LEA to ensure compliance with the IDEA." A.A. II, 255 F.Supp. at 125.
 
 
 12
 It would be odd indeed if the state agency given discretion to monitor compliance with a statute were forced to shoulder the burden of establishing the adequacy of its efforts when confronted with merely a complaint in federal court. Plaintiffs had every opportunity to present to the district court their proof of the state's failures. As the district court noted, they could have asked state employees involved in the compliance efforts to testify and then evaluated the results of those efforts through expert testimony. Instead they seek to transpose the administrative procedure to this litigation. We see no reason to do so and hold that a plaintiff bears the burden of proof in establishing that the SEA failed to satisfy its IDEA monitoring and supervisory duties.[2],[3]
 
 
 13
 Thus we agree with the district court that plaintiffs have failed to prove SED's noncompliance from 1991 to 1996. The district court's judgment of April 11, 2003 dismissing plaintiffs' claims pursuant to IDEA, Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and New York state law is hereby AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 InM.S., we detailed those procedures:
 Accordingly, we normally determine whether an IEP states: "(1) the child's present level of educational performance; (2) the annual goals for the child, including short-term instructional objectives; (3) the specific educational services to be provided to the child, and the extent to which the child will be able to participate in regular educational programs; (4) the transition services needed for a child as he or she begins to leave a school setting; (5) the projected initiation date and duration for proposed services; and (6) objective criteria and evaluation procedures and schedules for determining, on at least an annual basis, whether instructional objectives are being achieved."
 M.S., 231 F.3d at 102-03 (quoting Walczak, 142 F.3d at 122); see 20 U.S.C. § 1414(d).
 
 
 [2]
 Plaintiffs have also given us no reason to set aside Judge Wexler's conclusion that they failed to offer proof or argument relevant to their state law claimsSee A.A. II, 255 F.Supp.2d at 127.
 
 
 [3]
 Plaintiffs also now raise due process and equal protection claims. As they are raised for the first time on appeal, we decline to consider themSingleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).